UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

KENNETH HIEP, INC., and KENNETH HIEP,
Individually and ROBERT HIEP, INC. and
ROBERT HIEP, Individually,

                      Plaintiffs,

        -against-

INTERSTATE WASTE SERVICES, INC.,

                   Defendant.
-------------------------------------------------------------X

# 09 CIV. 9091

**COMPLAINT AND
JURY DEMAND**

**JUDGE ROBINSON**

Plaintiffs, KENNETH HIEP, INC. and KENNETH HIEP and ROBERT HIEP, INC., and

ROBERT HIEP, plaintiffs, as and for their complaint against the defendant, Interstate Waste

Services, Inc., allege upon information and belief as follows:

## JURISDICTION

1. This is an action for injunctive relief, monetary damages and attorneys' fees under the

federal antitrust laws, 15 U.S.C. §§ 1 et seq., and for interference with the performance of

contracts and for unfair trade practices, *prima facie* tort, under common law.

2. Jurisdiction over this action is conferred on this court by 15 U.S.C. §§15 and 26, and

principles of pendent jurisdiction. Venue is proper under 15 U.S.C. §§15 and 26 and 28 U.S.C.

§1391.

3. The acts and conduct of the defendant complained of constitute an unlawful attempt to

monopolize trade and commerce in the collection and transportation of solid waste from

commercial, industrial, construction, residential and other sites in Rockland County, New York

and elsewhere in violation of section 2 of the Sherman Act, 15 U.S.C. §2.

## THE PARTIES

4.  KENNETH HIEP, INC., ("KHI") is a corporation organized and existing by virtue of the laws of the State of New York, authorized to do business in the State of New York. KHI maintains a principal place of business at 22 Snake Hill Road, West Nyack, New York. KHI is an interstate transporter of solid waste serving residential and commercial customers both from within and without the County of Rockland, State of New York.

5.  Kenneth Hiep, his brother Robert Hiep, and their mother Dorothy Hiep are each one-third owners of the shares of KHI. They reside, own real property in and pay taxes to the Towns of Clarkstown and Orangetown, the County of Rockland and the State of New York.

6.  ROBERT HIEP, INC., ("RHI") is a corporation organized and existing by virtue of the laws of the State of New York, authorized to do business in the State of New York. RHI maintains a principal place of business at 22 Snake Hill Road, West Nyack, New York. RHI is an interstate commercial transporter of solid waste serving residential and commercial customers both within and without the County of Rockland, State of New York.

7.  Robert Hiep and his brother Kenneth Hiep are each a fifty (50%) percent owner of the shares of RHI, Inc.

8.  RHI and KHI are small, family owned, related corporations.

9.  Interstate Waste Services, Inc. ("IWS") is a corporation organized and existing by virtue of the laws of the State of New York, authorized to do business in the State of New York. IWS maintains a place of business at 500 N. Franklin Turnpike, Suite 212, Ramsey, New Jersey 07446. Upon information and belief, IWS is wholly owned by AIG Highstar Capital II, L.P., a private equity fund sponsored by AIG Global Investment Group. IWS is an interstate

commercial transporter of solid waste, serving residential and commercial customers both within and without the County of Rockland, State of New York.

**FACTS**

10. KHI and RHI, on the one hand, and IWS on the other, are solid waste transporters who are competitors in the solid waste collection, transportation and disposal industry.

11. KHI, RHI and IWS provide carting service to commercial and residential customers in Rockland County, New York and in contiguous counties in the State of New York and the State of New Jersey.

12. Two of the basic financial components of the solid waste collection, transportation and disposal business are the fees charged by the transporters of solid waste to their customers for collecting and transporting solid waste and the fees paid to disposal sites for the delivery of collected solid waste to them ("tipping fees").

13. The fees – or prices – charged by solid waste collectors to their customers have three essential components. They are:

(1) the size of the container into which a customer places solid waste for collection,

(2) the number of times each container must be collected from the customer; and,

(3) the "tipping fee", i.e., the fee charged by the facility to which the contents of each container is delivered.

14. Fees charged by solid waste transporters to residential customers are frequently fixed by means of a municipal bidding process overseen by the government of the municipality within which a transporter's residential customers live.

15. Fees charged by solid waste transporters to commercial customers are generally set by means of an agreement between the transporter of solid waste and its customer.

3

**a.)**     **The parties' market for commercial customers.**

16. Prior the events complained of plaintiffs' and defendant's charges to commercial customers for similar type services were relatively stable, yet competitive, in response to general business conditions.

17. Beginning in January 2009, IWS began, and continues to date, a willful, intentional and unlawful attempt to drive plaintiffs out of business by engaging in a predatory campaign of unfair pricing and trade practices directed towards plaintiffs' commercial customers.

18. Beginning in January 2009, IWS began to systematically target known commercial customers of KHI and RHI by offering them below market pricing in order to drive KHI and RHI out of business and to force KHI and RHI to put economic pressure on another competing solid waste carter, Marangi Disposal Inc. ("Marangi") to cease competing with IWS for commercial customers.

**b.)**     **The parties' market for residential customers in the**
            **Town of Clarkstown, Rockland County.**

19. KHI, RHI and IWS and Marangi service both commercial and non-commercial residential customers.

20. Among the areas in which KHI, RHI and IWS and Marangi operate their businesses is the Town of Clarkstown in Rockland County.

21. The Town of Clarkstown exercises control over the collection of solid waste from its private, non-commercial residents by, among other methods, requiring that solid waste transporters submit sealed bids to the Town setting forth the prices to be charged Clarkstown's residents for the collection of their garbage.

22. For the past several years, Clarkstown Carters, Inc. has been the successful bidder in the Town of Clarkstown for the right to collect and transport solid waste from the Town's private, non-commercial residents.

23. Kenneth Hiep is an officer of Clarkstown Carters, Inc.

24. It is the practice and custom of Clarkstown Carters, Inc., to enter into subcontracts with various solid waste carters for the performance of various parts of the work entailed in the collection of solid waste from the private, non-commercial residents of the Town of Clarkstown.

25. Among the solid waste carters with whom Clarkstown Carting, Inc. has contracted for the performance of its contract with the Town of Clarkstown are the plaintiffs, KHI, RHI, the defendant IWS and the non-party Marangi Disposal, Inc.

26. IWS and Marangi Disposal, Inc. are direct competitors who operate in Rockland County and contiguous counties in New York and New Jersey.

**c.)   IWS' plan to drive plaintiff out of business.**

27. Representatives of IWS have publically stated that IWS has a deliberate plan to drive plaintiffs out of business by, among other methods, predatory pricing.

28. The prices offered by defendant IWS to plaintiffs' commercial customers, who are known to the defendant IWS to be under contract with plaintiffs, are predatory, that is, they are commercially unreasonable. The prices offered by IWS to plaintiffs' customers are insufficient to cover the "tipping fees", i.e., fees charged by transfer stations for the disposal of solid waste, let alone the other costs of providing solid waste disposal services. Upon information and belief, the prices IWS charges its own commercial customers for waste collection and disposal services are reasonable, competitive prices: between $12.00 and $16.00 per ton of waste, while the prices IWS has offered to charge plaintiffs' known customers for the same services are well below

5

reasonable prices:  as low as $3.00 to $5.00 per ton of waste.  IWS is well aware of the fact that the prices it is offering plaintiffs' commercial customers are below market and predatory.

29.  The plaintiffs have contracts to provide waste collection and transportation services for the following businesses, among others, located in Rockland County:

> L&L Mechanical Services, Inc., Pearl River, N.Y.
>
> Designer Marble; Pearl River, N.Y.
>
> Cassie's Restaurant, Orangeburg, N.Y.
>
> Prestige Auto Body, Pearl River, N.Y.
>
> Hilltop Shopping Center, New City, N.Y.

30.  IWS is aware of the fact that the five businesses set forth in paragraph 29 are customers of the plaintiffs who have a pre-existing contractual relationship with the plaintiffs.

31.  Upon information and belief, IWS has attempted to steal accounts of the plaintiffs' customers set forth in paragraph 29, above, by, among other means, offering those customers below market fees which are actually less than the disposal cost of the solid waste collected from these customers, as follows:

| Customer | IWS Proposed Total Fee Per Month | Actual Dumping ("Tipping") Fees Per Month |
|---|---|---|
| L & L Mechanical | $100.00 | $238.15 |
| Designer Marble | $ 32.00 | $ 73.61 |
| Cassie's Restaurant | $248.70 | $411.35 |
| Prestige Auto Body | $ 60.00 | $ 90.00 |

32. In addition to those customers under contract with RHI and KHI, IWS has targeted other known customers of the plaintiffs for its predatory pricing attack. These customers and the predatory pricing strategy of IWS are set forth below:

| Customer | IWS Proposed Total Fee Per Month | Actual Dumping ("Tipping") Fees Per Month |
|---|---|---|
| Milano Restaurant West Nyack, N.Y. | $125.00 | $199.18 |
| Westshore Plaza Blauvelt, N.Y. | $425.00 | $575.89 |
| Louie's on the Avenue Pearl River, N.Y. | $195.00 | $233.82 |
| Imperial Marble Pearl River, N.Y. | $140.00 | $372.38 |

33. An executive officer of IWS has made public statements that IWS would cease its predatory pricing practices if Kenneth Hiep, as an officer of Clarkstown Carters, Inc., the provider of carting services to private, non-commercial customers in the Town of Clarkstown, would use his influence as such to force Marangi to stop competing for IWS's commercial customers.

34. Marangi receives approximately $92,600 per month from Clarkstown Carters, Inc. as the result of Marangi's performance of its subcontract with Clarkstown Carters to provide carting services to private, non-commercial customers in the Town of Clarkstown.

**d.) Rockland County's 2008 Flow Control Law**

35. In 2008 the Rockland County Legislature enacted the "2008 Flow Control Law" which requires, among other things, that solid waste carters who collect solid waste in Rockland

County or bring solid waste into Rockland County shall deposit these waste products at designated facilities within Rockland County.

36. Upon information and belief, as part of its illegal plan to harm KHI and RHI, and to dominate the carting market in Rockland County, IWS has deliberately violated the Rockland County 2008 Flow Control Law by diverting products which are required to be delivered to designated facilities in Rockland County to facilities outside of Rockland County and to non-designated facilities in Rockland County which are controlled or managed, in whole or in part, by IWS.

37. This illegal diversion of waste products in violation of the Rockland County Waste Control Law was done with the purpose of dominating the waste collection industry in Rockland County and driving KHI and RHI out of the waste collection business.

### COUNT ONE – MONOPOLY

38. Plaintiffs repeat Paragraphs 1 through 36 of this complaint with the same effect as if fully set forth herein.

39. The business in which plaintiffs, Kenneth Hiep, Inc. and Robert Hiep, Inc., and defendant, Interstate Waste Services, Inc., compete involves trade or commerce among the several states in that, *inter alia*, Kenneth Hiep, Inc., Robert Hiep, Inc. and Interstate Waste Services, Inc., routinely obtain goods and supplies including, but not limited to, trucks, containers and compactors from companies located in other states.

40. Upon information and belief as part of its plan to monopolize the carting industry in Rockland County, Interstate Waste Services, Inc. has since June of 2008, in violation of the Rockland County Waste Flow Law, disposed of solid waste generated by its customers in

Rockland County at other than designated facilities as required by the Rockland County Flow Control Law.

41.  Upon information and belief, Interstate Waste Inc. is engaged in a willful and intentional attempt to monopolize the waste removal business in the County of Rockland, State of New York.

42.  There is a dangerous possibility that unless enjoined, Interstate Waste Services, Inc.'s current pricing policies and other conduct will succeed in putting plaintiffs out of business and establishing a monopoly for Interstate Waste Services Inc. in the County of Rockland.

43.  As a proximate result of Interstate Waste Services Inc.'s conduct as alleged herein, Kenneth Hiep, Inc. and Kenneth Hiep, Robert Hiep, Inc. and Robert Hiep have been injured in their business in an amount as yet undetermined and are threatened with immediate and irreparable harm.

**COUNT TWO – PRIMA FACIE TORT:**
**UNFAIR TRADE PRACTICES**

44.  Plaintiffs incorporate by reference as though set forth with particularity Paragraphs 1 through 43 of this complaint.

45.  The actions undertaken by Interstate Waste Services, Inc. constitute a *prima facie* tort, undertaken with disinterested malevolence, in the form of unfair trade practices deliberately engaged in to obtain an unfair advantage over Kenneth Hiep, Inc. and Robert Hiep, Inc.

46.  The acts of IWS, which might otherwise have been lawful, were intentionally carried out by IWS in order to inflict harm on the plaintiffs, without any excuse or justification for them.

47.  As a proximate result of Interstate Waste Services Inc.'s conduct as alleged herein, Kenneth Hiep, Inc. and Kenneth Hiep and Robert Hiep, Inc. and Robert Hiep have incurred and

continue to incur special damages to their business and themselves in an amount as yet undetermined.

## COUNT THREE – TORTIOUS INTERFERENCE WITH
## PLAINTIFFS' EXISTING CONTRACTS

48. Plaintiffs incorporate by reference as though set forth with particularity Paragraphs 1 through 45 of this complaint.

49. Despite the defendant's knowledge of the plaintiffs' contractual and business relationships with the businesses set forth in paragraph 31 and 32, above and others, the defendant has engaged in efforts to cause these businesses and others to breach their contract with the plaintiffs' by, among other means, a pattern of predatory below market pricing.

50. The plaintiffs have suffered and continue to suffer economic harm as the result of illegal and improper conduct of the defendant in an amount to be determined.

## COUNTY FOUR – TORTIOUS INTERFERENCE WITH
## PLAINTIFFS' BUSINESS RELATIONSHIPS

51. Plaintiffs incorporate by reference as though fully set forth in paragraphs 1 through 50 of this complaint.

52. Defendant is well aware of the contractual and commercial relationship between the plaintiffs KHI and RHI and the businesses set forth in paragraphs 31 and 32 above and others not specified in this complaint.

53. Defendant has, by means of wrongful conduct as set forth in this complaint, interfered with the plaintiff's contractual and commercial relationships with plaintiffs' customers.

54. The plaintiffs have suffered and continue to suffer economic harm in an amount to be determined as the result of the defendant's wrongful conduct.

## DAMAGES

WHEREFORE, plaintiffs pray that judgment be entered in their favor awarding them:

(a)  A permanent injunction against Interstate Waste Services, Inc.'s predatory pricing

    policies and other anti-competitive conduct as provided in 15 U.S.C. §26;

(b)  Compensatory damages in an amount to be fixed;

(c)  Treble damages to plaintiffs;

(d)  Attorneys' fees to plaintiffs as provided in 15 U.S.C. §15;

(e)  Interest, costs and such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

Dated: Goshen, New York
      October 29, 2009

**BURKE, MIELE & GOLDEN, LLP**
**Attorneys for Plaintiffs**

By:

**Patrick T. Burke (7471)**
40 Matthews Street, Suite 209
P. O. Box 216
Goshen, New York 10924
845-294-4080

11